UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DWIGHT RODGER GRAVES, JR.,

                     Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICE
and DR. DEASIS,

                     Defendants.
_____

**REPORT AND RECOMMENDATION**

11-CV-01005(A)(M)

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [7].[1] Before me is defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) for failure to exhaust administrative remedies [6].[2] For the following reasons, I recommend that the motion be denied.

## BACKGROUND

        Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se*, alleging that defendants were deliberately indifferent to his medical needs, in violation of the Eighth Amendment. Complaint [1]. Plaintiff alleges that while incarcerated at the Monroe County Jail, he underwent surgery in June of 2001 "for blood clots in [his] legs", and that upon his return to the Monroe County Jail, defendant Dr. Deasis failed to "monitor [his] cumidin [*sic*] intake in

---

    [1]    Bracketed references are to the CM/ECF docket entries.

    [2]    Defendant Sheriff O'Flynn was previously dismissed from the case. *See* Hon. Michael A. Telesca's March 13, 2012 Order [3].

[his] blood every week", resulting in another blood clot on or about August 24, 2011 which required another surgery on September 4, 2011. Complaint [1], First Claim.³

In his Complaint, plaintiff concedes that he did not file a grievance for his claims. Complaint [1], pp. 5-6. However, in explaining this failure, plaintiff alleges that "by the time I was suppose to grieve the incident it was too late a blood clot developed and I had to get surgery" (id., p. 5). Defendants move to dismiss the Complaint on the grounds that plaintiff failed to exhaust his administrative remedies.

## ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

However, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216. Nevertheless, "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998), cert. denied, 525 U.S. 1103 (1999). See McCoy v. Goord, 255 F.Supp.2d 233, 249 (S.D.N.Y. 2003) ("[A] Rule 12(b)(6) motion may not be appropriate, as under the PLRA failure

---

³ Although plaintiff alleges a Second Claim, it appears to arise from the same conduct.

to exhaust does not amount to failure to state a claim. If failure to exhaust is apparent from the face of the complaint, however, a Rule 12(b)(6) motion is the proper vehicle").

In his Complaint, plaintiff concedes that he did not file a grievance for his claims. Complaint [1], pp. 5-6. However, plaintiff attempts to explain this failure in his Complaint by alleging that "by the time I was suppose to grieve the incident it was too late a blood clot developed and I had to get surgery" (id., p. 5). "Since exhaustion is an affirmative defense, it may be excused or justified under the following circumstances: '(1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as [sic] way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedure, justify the prisoner's failure to comply with the exhaustion requirement.'" Morrow v. Dupont, 2010 WL 1005856, *7 (E.D.N.Y. 2010) (quoting Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006). See Messa v. Goord, 652 F.3d 305, 309 (2d Cir. 2011).[4]

Liberally interpreting plaintiff's Complaint (as I must), it appears to allege that his surgery interfered with his ability to file a grievance. Based upon this allegation, I am unable to conclude, at this stage, that the Complaint should be dismissed as a matter of law for failing to

---

[4] Defendants rely on Woodford v. NGO, 548 U.S. 81, 90 (2006), which held that "proper exhaustion of administrative remedies" requires "'using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)'". Defendants' Memorandum of Law [6-4], p. 3. "[T]he Second Circuit has continued to hold post-Woodford that an inmate's failure to comply with the exhaustion requirement may be excused on [certain] grounds." Williams v. Suffolk County, 2012 WL 6727160, *4 (E.D.N.Y. 2012) (citing Messa, 652 F.3d at 309). See Johnston v. Maha, 460 Fed.Appx. 11, 15 n. 6 (2d Cir. 2012) (Summary Order) ("Although [Woodford] requires that prisoners 'properly' exhaust the available remedies under the PLRA, it certainly does not abrogate the unavailability defense to nonexhaustion").

exhaust administrative remedies.[5]  See Muniz v. Goord, 2007 WL 2027912, *7 (N.D.N.Y. 2007) ("I find that Plaintiff's assertions, in his response papers, that, in light of his Hepatitis C condition, he 'did the very best [his] ability and health allowed [him] at the time' to grieve the matters at issue in this action 'plausibly alleges' the existence of 'special circumstances' justifying his failure to appeal to CORC . . . , and meets-albeit barely-the 'modest' pleading threshold set by Rules 8 and 12 of the Federal Rules of Civil Procedure and Supreme Court precedent such as *Jones v. Block*");  Bonilla v. Janovick, 2005 WL 61505, *2  (E.D.N.Y. 2005) ("since plaintiff's hospitalization and physical injuries may have prevented the filing of an administrative complaint, further discovery and additional depositions would be needed to determine whether the admitted failure to exhaust should nevertheless be excused").[6]

**CONCLUSION**

For these reasons, I recommend that defendants' motion to dismiss [6] be denied, without prejudice to a later motion for summary judgment.  If this recommendation is adopted, the parties may address at the preliminary pretrial conference whether a limited period of targeted discovery on the issue of exhaustion is appropriate.

---

[5]  Although defendants rely heavily on Quarles v. Marino, 2011 U.S. Dist. LEXIS 48189 (W.D.N.Y. 2011) (Larimer, J.) (defendants' Memorandum of Law [6-4], pp. 4-5), that decision addressed a motion for summary judgment that was filed at the conclusion of discovery.

[6]  Plaintiff's Declaration [13] filed in opposition to defendants' motion provides a more comprehensive explanation for why he failed to exhaust his administrative remedies (id., ¶¶4-5). Although "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint" (Muniz, 2007 WL 2027912 at *2 n. 19), it is unnecessary for me to do so here. Since I have likewise not considered the materials outside of the Complaint which defendants offered in support of their motion (Sanders Declaration [6-2], Exs. A-D), it is unnecessary for me to convert their motion to one for summary judgment pursuant to Rule 56(d), nor have they requested that I do so.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by March 18, 2013 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: February 27, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge